IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 17-0211-WS |
| | ) | |
| RALPH ANTHONY FARLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant Ralph Anthony Farley's "Motion to Have Federal Sentence Run Concurrent with State Sentence" (doc. 33) and Motion for Compassionate Release (doc. 34).

The court file reflects that Farley entered a guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). On December 15, 2017, the undersigned sentenced Farley to a term of imprisonment of 24 months as to each of these counts, said terms to run concurrently. (Doc. 29.) Farley was also sentenced to a term of imprisonment in state court on charges of receipt of stolen property, attempted burglary and possession of burglar's tools. Farley represents to this Court that he remains in state custody today; indeed, it does not appear that he has begun to serve his federal sentence.

Farley now makes two requests. In his first Motion, he asks that this Court order his federal sentence to run concurrently with his state sentence. The problem with this request is that the law is crystal clear that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The record establishes that the undersigned did not order the terms of Farley's federal sentence and state sentence to run concurrently; therefore, the effect of this Court's imposition of sentence was to require his federal sentence to run consecutively to his state sentence, pursuant to § 3584(a). Insofar as Farley is asking this Court to modify that federal sentence now by ordering it to run concurrently with his state sentence, the Court lacks jurisdiction to do so. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a

sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute would appear to authorize modification of a sentence from consecutive to concurrent under the circumstances described by Farley here. Simply put, defendant has failed to make any showing that his Motion rests on a cognizable jurisdictional footing. Accordingly, this Court lacks authority to grant the Motion and modify Farley's federal sentence at this time to run it concurrently with his state sentence.

In his second Motion, Farley requests compassionate release on the grounds that the medical care he is receiving in state custody is "almost non-existent," even though his health is "very bad and terminal." Farley indicates that he remains in Alabama custody at this time and is housed at Bibb Correctional Facility in the Health Care Unit. Farley is correct that the federal system provides procedures authorizing compassionate release under certain circumstances. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. However, by his own admission, Farley is not in federal custody at this time. Those federal compassionate release procedures have no application to a defendant serving a state sentence, and this Court lacks authority to order compassionate release of a defendant in state custody.

For the foregoing reasons, defendant Ralph Anthony Farley's "Motion to Have Federal Sentence Run Concurrent with State Sentence" (doc. 33) and Motion for Compassionate Release (doc. 34) are **denied**. The Court **certifies** that any appeal from this Order would be frivolous and not brought in good faith; therefore, Farley will not be allowed to appeal *in forma pauperis*.

DONE and ORDERED this 12th day of September, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE